

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

OFFICE OF THE CLERK
TEL: 217.492.4020
FAX: 217.492.4028

RECEIVED
AUG - 5 2025
U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
DEPUTY CLERK

July 31, 2025

RE:   USA v. Kentro Taylor
      Central District of Illinois Case Number: 24-20050

Dear Clerk of Court:

The enclosed Consent to Transfer of Case for Plea and Sentence (Under Rule 20) was signed by the parties on July 21, 2025 and is ready for transfer to the Middle District of Louisiana.

This court is using the electronic filing system. You may access our electronic case file at the following address: http://ecf.ilcd.uscourts.gov to obtain copies of any documents that you may need in opening your file.

Please acknowledge receipt of the Consent by signing and dating the enclosed copy of this letter and returning it our office.

Sincerely,

s/
Deputy Clerk


Acknowledgment and Receipt:

_____           _____
Signature                                 Date

Peoria Division
100 N.E. Monroe St.
Room 305
Peoria, IL 61602
309.671.7117

Urbana Division
201 S. Vine St.
Room 218
Urbana, IL 61802
217.373.5830

Springfield Division
600 E. Monroe St.
Room 151
Springfield, IL 62701
217.492.4020

Rock Island Division
(Temporarily relocated for mail and hearings to):
131 E. 4th Street, Rm 250
Davenport, IA 52801
309.793.5778

FILED
JUL 31 2025
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-CR-20050 |
| | ) | |
| vs. | ) | |
| | ) | |
| KENTRO TAYLOR, | ) | |
| A.K.A. KENTRO D. TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

## TRANSFEREE CONSENT FOR RULE 20 PLEA AND SENTENCE

Pursuant to Rule 20(a) of the Federal Rules of Criminal Procedure, defendant Kentro Taylor states the following:

1. On or about May 21, 2024, I appeared in the Middle District of Louisiana pursuant to Rule 5 of the Federal Rules of Criminal Procedure. I learned that I had been indicted in 3:24-cr-00039-SDD-RLB for an offense occurring on September 17, 2021 in the Middle District of Louisiana. I was charged with violating Title 18, United States Code, Section 922(g)(1) by knowingly possessing a firearm, a Smith and Wesson SD9 bearing serial FBK0320, said firearm having been shipped and transported in interstate and foreign commerce, at a time when I knew I had been convicted of a felony. I was aware that the Indictment contained special findings that I had at least three previous convictions for offenses qualifying under Title 18, United States Code, Section 924(e), that were committed on occasions different from one another.

2. I requested representation, was appointed the Federal Public Defender, and was assigned Assistant Federal Public Defender Marci Blaize.

3. While represented by AFD Blaize, I learned that on or about November 6, 2024, I was indicted in the above-captioned case in the Central District of Illinois for an offense occurring on October 7, 2020 in Douglas County.

4. I learned I was charged with violating Title 18, United States Code, Section 922(g)(1) by knowingly possessing a firearm, a Smith and Wesson SD9 VE 9mm bearing serial FZX0649, said firearm having been shipped and transported in interstate and foreign commerce, at a time when I knew I had been convicted of a felony. I was made

aware that the Indictment contained special findings that I had at least three previous convictions for offenses qualifying under Title 18, United States Code, Section 924(e), that were committed on occasions different from one another.

5. I conferred with AFD Blaize and learned that the possible penalties for the Central District of Illinois case were the same as those in the Middle District of Louisiana case, namely, a minimum of 15 years of imprisonment up to life; a fine of up to $250,000; a period of supervised release of up to 5 years; and a special assessment of $100.

6. After consultation with counsel, I wish to transfer this case to the Middle District of Louisiana and to plead guilty to the above offense pursuant to Rule 20.

7. I understand that I have the right to a trial in the district where the indictment against me is pending. I wish to waive that right. I understand that, at a trial in this district I would have had the following rights, which I will be giving up by consenting to a Rule 20 transfer:

    a. The right to the assistance of counsel, including, if I could not afford an attorney, the right to have the Court appoint an attorney to represent me.

    b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove me guilty beyond a reasonable doubt.

    c. The right to confront and cross-examine witnesses against me.

    d. The right, if I wished, to testify on my own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    e. The right not to be compelled to testify, and, if I chose not to testify or present evidence, to have that choice not be used against me.

8. I understand the elements of the offense that I am charged with committing in this case, namely, a violation of 18 U.S.C. § 922(g)(1), are: (1) I knowingly possessed a firearm; (2) at the time I did so, I had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year (a felony); and (3) at the time I did so, I knew had been convicted of a crime punishable by imprisonment for a term exceeding one year (a felony); and (4) the firearm had been shipped or transported in interstate or foreign commerce.

9. I wish to plead guilty as charged because I am actually guilty of the crime that I am charged with committing in this case.

10. After consultation with AFD Blaize about my cases and this consent document, I consent to the transfer of my case to the Middle District of Louisiana.

11. I have read this statement of consent carefully and discussed every part of it with my attorney. I understand the terms of this statement, and I voluntarily agree to those terms. My attorney has advised me of my rights and of the consequences of entering into this agreement.

Pursuant to Rule 20(a)(1) of the Federal Rules of Criminal Procedure, I hereby request transfer of my case to the Middle District of Louisiana.

7-21-25
Date

Kentro Taylor
Defendant

I am Kentro Taylor's attorney. I have carefully discussed every part of this document with my client. Further, I have fully advised my client of his rights and of the consequences of consenting to a Rule 20 transfer. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

7-21-25
Date

Marci Blaize
Asst Federal Defender

3

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-CR-20050 |
| | ) | |
| vs. | ) | |
| | ) | |
| KENTRO TAYLOR, | ) | |
| A.K.A. KENTRO D. TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

### APPROVAL FOR RULE 20 PLEA AND SENTENCE

Pursuant to Rule 20(a) of the Federal Rules of Criminal Procedure, the United States Attorney for the Central District of Illinois approves as follows:

1. On or about May 21, 2024, the defendant appeared in the Middle District of Louisiana pursuant to Rule 5 of the Federal Rules of Criminal Procedure and was appointed counsel in a case alleging a violation of Title 18, United States Code, Section 922(g)(1) in the Middle District of Louisiana.

2. On or about November 6, 2024, the above-named defendant was indicted in the above-captioned case in the Central District of Illinois.

3. The defendant was charged with violating Title 18, United States Code, Section 922(g)(1) by knowingly possessing a firearm that had been shipped and transported in interstate and foreign commerce at a time when he knew he had been convicted of a felony. The case alleges a separate and distinct offense from the one in the Middle District of Louisiana, differing in location of offense, date of offense, and firearm used in the commission of the offense.

4. On or about July 18, 2025, the defendant stated in writing a wish to plead guilty and to waive trial in the Central District of Illinois, where this case's indictment is pending. The defendant also consented in writing to the disposition of this case in the transferee district, which is the Middle District of Louisiana. The defendant filed this consent in the transferee district.

Pursuant to Rule 20(a) of the Federal Rules of Criminal Procedure, I hereby approve of the transfer of the defendant's case to the Middle District of Louisiana.

GREGORY M. GILMORE
Acting United States Attorney
Central District of Illinois

*/s/ Gregory M. Gilmore*

Ellison C. Travis
Acting United States Attorney
Middle District of Louisiana

*/s/ Ellison C. Travis*

U.S. District Court
Middle District of Louisiana
Russell B. Long Federal Buidling
777 Florida St.
Baton Rouge, LA 70801

24-20050

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
OFFICE OF THE CLERK
201 S. VINE ST.
ROOM 218
URBANA, ILLINOIS 61802-3348

OFFICIAL BUSINESS

B95746.10

$0.740
US POSTAGE IMI
FIRST-CLASS
063S00080899197
FROM 61801